T.C. Summary Opinion 2001-101


UNITED STATES TAX COURT


GEORGE A. AND LAURENE S. BEITEL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17769-99S.                    Filed July 5, 2001.


George A. and Laurene S. Beitel, pro se.

Robert V. Boeshaar, for respondent.


CARLUZZO, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $126 in petitioners' 1997 Federal income tax. The issue for decision is whether certain deductions claimed on a Schedule C, Profit or Loss from Business, included with petitioners' 1997 Federal income tax return should be treated as unreimbursed employee business expenses. The resolution of this issue depends upon whether George A. Beitel was an independent contractor or an employee in connection with services he provided as an adjunct professor at certain universities in 1997.

Background

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. At the time the petition was filed, they resided in Idaho Falls, Idaho. References to petitioner are to George A. Beitel.

During 1997, in addition to his full time employment as an engineer with the Idaho National Engineering and Environmental Laboratory, petitioner, who holds a Ph.D. degree in physics, was also an adjunct professor at Idaho State University (ISU) and at the University of Idaho (UOI)(collectively, the universities).

Petitioner taught at the universities and was compensated for so doing on a course-by-course basis. During the 1997 spring semester, petitioner taught a class in Low Level Radioactive Waste at ISU. During the 1997 fall semester, petitioner taught a class in Systems Engineering Principles at UOI. Classes for

these courses were conducted on campus in classrooms provided by the universities. Petitioner prepared for classes and reviewed student assignments from his home. He communicated with and received assignments from his students through e-mail on his home computer, and he maintained a website on the Internet devoted to his teaching activities at the universities.

In addition to his course responsibilities, as an adjunct professor, petitioner also supervised a thesis student and a special topic student at UOI during 1997. Petitioner communicated with these students primarily through e-mail and various off-campus meeting places.

All of petitioner's teaching assignments during 1997 were subject to written contracts between himself and the universities. Among other things, each contract specified the course to be taught or student to be supervised, the duration of the assignment, and the amount and method of payment. Each contract also indicated that petitioner would be treated as an employee of the university, albeit at least with respect to UOI, the contract provided that petitioner enjoyed "very limited [employee] benefits".

For 1997, each university issued to petitioner a Form W-2, Wage and Tax Statement, reflecting the amounts paid to petitioner for his services. Both Forms W-2 classified amounts paid to petitioner as wages. Each university also withheld Social

Security, FICA, and Federal and State income taxes on the payments.

Petitioners filed a timely 1997 joint Federal income tax return. The taxable income reported on the return takes into account their election to itemize deductions. Income and deductions attributable to petitioner's teaching assignments are reported on a Schedule C, Profit or Loss From Business, included with that return.

The adjustments made in the notice of deficiency reflect respondent's determination that in 1997 petitioner performed services for the universities as an employee, not as an independent contractor.

Discussion

Whether an individual is an employee or an independent contractor for Federal income tax purposes is a factual question to be determined with reference to common-law principles of agency. See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-325 (1992); Weber v. Commissioner, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995); Professional & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988). The relevant factors in determining the characterization of an employment relationship include: (1) The degree of control exercised by the principal over the details of the work; (2) which party invests in the facilities

used in the work; (3) the opportunity of the hired party for profit or loss; (4) whether the type of work is part of the principal's regular business; (5) the permanency of the relationship between the parties to the relationship; (6) whether the principal has the right to discharge the individual; (7) whether the principal provides benefits to the hired party typical of those provided to employees; and (8) the relationship the parties believe they are creating.  See Nationwide Mut. Ins. Co. v. Darden, supra at 322-324; Weber v. Commissioner, supra at 387; Professional & Executive Leasing, Inc. v. Commissioner, supra at 232.  The factors are not necessarily weighed equally, but according to their significance in the particular case.  See Aymes v. Bonelli, 980 F.2d 857, 861 (2d Cir. 1992); Matt v. Commissioner, T.C. Memo. 1990-209; see also sec. 31.3401(c)-1(d), Employment Tax Regs.

Ordinarily, the principal's right to control the manner in which the work is performed is the single most important factor in determining whether there is an employer-employee relationship.  See Leavell v. Commissioner, 104 T.C. 140, 149 (1995).  In this regard, petitioners point out that petitioner was free to teach his classes and supervise his thesis and special topic students as he deemed appropriate.  Petitioners also point out that, other than the time spent teaching students in the classroom, petitioner was required to spend very little

time on campus. They contend that the universities exercised very little control over petitioner's teaching assignments. Therefore, according to petitioners, petitioner's relationship to each university was as an independent contractor, not as an employee.

A similar argument was advanced by the taxpayer under similar circumstances in Potter v. Commissioner, T.C. Memo. 1994-356. In that case the taxpayer was an untenured college professor employed on a course-by-course basis. The colleges and the taxpayer entered into written contracts that specified the courses to be taught, teaching hours, location of classes, and compensation arrangements. The taxpayer considered himself to be an independent contractor and reported the income and related expenses from his teaching activities on a Schedule C. The Commissioner determined that the taxpayer was an employee of the colleges and, accordingly, treated the deductions claimed on the Schedule C as employee business expenses.

The Court agreed with the Commissioner and rejected the taxpayer's argument that the colleges did not exert sufficient control over his teaching activities to render him an employee of the colleges. In so doing, we stated that "Where the inherent nature of the job mandates an independent approach, a lesser degree of control exercised by the principal may result in a finding of an employer-employee status." Id. (citing Bilenas v.

Commissioner, T.C. Memo. 1983-661); see also Weber v.
Commissioner, supra at 390 (noting that where professional
individuals are involved, the control necessarily becomes more
tenuous than the control over nonprofessional employees).  We
concluded that the colleges maintained and exercised sufficient
control appropriate to the situation and that the level of
control was sufficient to render the taxpayer an employee of the
colleges.  Taking into account other common-law factors set forth
above, we concluded that the taxpayer was an employee of both
colleges.  See also Bilenas v. Commissioner, supra (finding that
an untenured, adjunct professor was an employee of a college
rather than an independent contractor in relation to his teaching
activities).

As in Potter v. Commissioner, supra, we are satisfied in
this case that the universities had the authority to exercise,
and exercised, sufficient control over petitioner's teaching
assignments to support a finding that petitioner was an employee
of the universities.  Our conclusion on this point is further
supported by the application of other of the common-law factors
relevant to such determinations.  Specifically, we note:
(1) The nature of petitioner's services to the universities as an
adjunct professor is consistent with the regular business of each
university; (2) petitioner's compensation for the teaching
assignments was set by contract--the risk of loss from under

enrollment, or profit from excess enrollment, rested with the universities; (3) petitioner began his relationship with the universities in 1991, and he has continued to teach various courses related to his profession at both universities; and (4) each written contract expressly provides that petitioner would be treated as an employee.

Accordingly, we find that petitioner was an employee of ISU and UOI during 1997. It follows that expenses related to his teaching activities must be deducted as miscellaneous itemized deductions. See secs. 62(a)(1), 63(d), 67(a). Respondent's determination in this regard is therefore sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Based on the foregoing,

Decision will be
entered for respondent.